UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 10-305-JBC

ANTHONY J. ASLINGER, PLAINTIFF,

V. MEMORANDUM OPINION & ORDER

MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Anthony Aslinger's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court, having reviewed the record and being otherwise sufficiently advised, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**A. THE ALJ'S DETERMINATION**

Aslinger filed his claim for DIB and SSI on July 26, 2007. His application was initially denied, and the denial was upheld on reconsideration. AR 25. After a hearing held on February 25, 2009, Administrative Law Judge ("ALJ") Frank Letchworth determined that Aslinger did not suffer from a disability as defined by the Social Security Act. AR 25, 38. The ALJ conducted a five-step disability analysis. *See Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). At Step 1, the ALJ determined that Aslinger had not engaged in substantial gainful activity since the alleged onset of disability. AR 27. At Step 2,

1

the ALJ found that Aslinger had severe impairments including lumbar strain/sprain, mood disorder, borderline intellectual functioning and history of polysubstance abuse. AR 27. At Step 3, the ALJ determined that Aslinger did not have an impairment that alone or in combination met the listed impairments. AR 33. At Step 4, the ALJ found that Aslinger could not perform past relevant work. AR 36. Finally, at Step 5 the ALJ considered Aslinger's age, education, work experience, and residual functional capacity, and determined a significant number of jobs in the national economy exist that Aslinger could perform. AR 37. Therefore, the ALJ denied Aslinger's claims for DIB and SSI. AR 38.

**B. Analysis**

On appeal, Aslinger argues both that the ALJ failed to properly consider the findings of several consulting physicians and that the ALJ improperly discredited him without providing good reason. Neither argument is persuasive. First, the ALJ properly gave deference to Aslinger's treating physicians, who did not find him to be disabled. Second, the ALJ gave several reasons why Aslinger and his claims were not credible.

Generally, only the opinions of treating physicians must be given greater deference. *Blakley v. Comm'r of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009). A treating physician is one who has had an ongoing treatment relationship with the claimant. *Id.* at 407. In the instant case, the ALJ found that Aslinger had several severe impairments, but those impairments did not constitute a disability

under 20 CFR 404.1525-26 & 416.925-26. AR 33. The ALJ properly based his findings on the notes of the treating physicians and properly deferred to the opinions of the treating physicians in the absence of any evidence to discredit their findings.

Shortly after Aslinger's accident at the coal mining company in March 2005, AR 45-46, Dr. Dahhan saw Aslinger several times regarding his back pain from the accident. AR 196-200. Dr. Dahhan determined that the x-rays showed no pathology and sent Aslinger to physical therapy. AR 196. While Dr. Dahhan granted Aslinger's request for another temporary "sick slip," he determined that Aslinger could return to light-duty work in April 2005. AR 201. Since Dr. Dahhan treated Aslinger several times, the ALJ correctly gave deference to Dr. Dahhan's opinion. After departing from Dr. Dahhan's care, Aslinger saw Dr. Sidhu and Dr. Kotay. Both treating physicians reported normal findings, except for Aslinger's continued complaint of back pain. AR 266, 326. Dr. Kotay even noted that Aslinger's stiffness appeared to be voluntary and found it difficult to explain his abnormal gait from the medical examination. AR 326. Dr. Sidhu reported that Aslinger's symptoms were "disproportionate to the clinical findings objectively." AR 266. The only physical problem reported by the treating physicians was "bilateral spondylolysis at L5." AR 261.

Aslinger also visited several consulting physicians regarding his back pain, including trips to the Emergency Room. AR 459, 467, 843, 896, 852, 908, 1009.

3

However, consulting opinions do not receive automatic deference. Generally, the opinion of a treating physician is given "controlling weight" because treating physicians are "most able to provide a detailed, longitudinal picture of [the patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be determined from the objective medical findings alone or from reports of individual examinations, such as a consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). While Aslinger's consulting physicians did not question his pain and reported additional ailments that his treating physicians had not noted, Aslinger's consulting physicians ultimately made similar findings. AR 29-33. Dr. Muckenhausen, a consulting physician, diagnosed Aslinger with "lumbosacral strain with lumbosacral radiculopathy . . . . possible disc changes in the LS spine area . . . . , and chronic insomnia, anxiety and depression . . ." AR 341. The ALJ properly gave greater weight to the opinions of Aslinger's treating physicians.

Aslinger asserts that the ALJ failed to properly consider his psychological restrictions when making the determination about his mental residual functional capacity. However, substantial evidence supports the ALJ's finding that Aslinger's mental impairments do not meet or equal the criteria of the listings and that Aslinger has a mental capacity to perform some types of work. AR 31-32, 33-36. A report of Dr. Raza, who Aslinger visited from February 22, 2008 to April 14, 2009, shows that Aslinger had a Global Assessment of Functioning score of 65.

4

AR 802, 830, 1017. Dr. Raza also consistently states that Aslinger's "thought processes [are] logical and sequential," AR 802, that he is "alert, oriented to place person and situation," and that his "insight and judgment [are] fair." AR 830. The opinions of Dr. Raza and the other treating psychiatrists provided evidence from which the ALJ could properly conclude that Aslinger's mental impairment was not so severe as to constitute a listed impairment under 20 CFR 404.1525-26 & 416.925-26.

Aslinger also argues that the ALJ improperly rejected his credibility. However, the ALJ had good reason for that rejection and included his reasoning in the opinion. The "ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F.3d at 476. The opinion of the ALJ must be considered with great deference because the ALJ has the opportunity to observe the claimant's demeanor while testifying. *Id.*

The ALJ relied on Dr. Kotay's opinion that Aslinger was expressing exaggerated pain behavior. AR 29. The ALJ also provided several reasons that Aslinger's lifestyle was inconsistent with a disabled individual seeking proper treatment. Aslinger visited the emergency room in 2008 after he said he injured his back while working in the yard. AR 723. He also walks with a cane that was not prescribed to him, has never sought inpatient management for pain control, and has sought relief for pain only through the use of oral analgesics. AR 35, 59, 460.

5

While Aslinger claims to be unable to afford treatment, he smokes two packs of cigarettes daily and occasionally smokes marijuana. AR 59, 61, 461. Thus, his misuse of resources further discredits his complaints of pain. In addition, Aslinger applied for and received unemployment benefits after the alleged injury in 2005. AR 36, 47. The ALJ properly noted that applying for unemployment benefits requires the applicant to assert his willingness and ability to work. AR 36. Receiving unemployment benefits and applying for disability benefits are inconsistent. *See Kinsella v.Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). The substantial evidence supports the ALJ's credibility assessment concerning Aslinger.

### C. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Aslinger's motion for summary judgment (R. 10) is **DENIED**.

A separate judgment will issue.

Signed on November 7, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY